IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

       Plaintiff,

v.	No. CIV 07-958 JB/CEG

CURRY COUNTY PUBLIC DEFENDER,
STEVE MCILWAIN, ET AL.,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Loydale Kirven's Complaint. Kirven is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Kirven is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Kirven's financial status, the Court finds that he is unable to make an initial partial payment pursuant to § 1915(b)(1). The Court will grant the IFP motion and, for the reasons stated below, will dismiss the Complaint.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human*

*Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007).  In reviewing Kirven's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel draft, but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Defendant Steve McIlwain[1] was Kervin's counsel in state criminal proceeding.  The Complaint alleges that McIlwain violated the attorney-client privilege by disclosing certain information to Kervin's wife.  The disclosure caused the wife to take Kirven's children and not let him see them. The Complaint mentions a violation of state law, but does not identify a federal right that McIlwain's actions violated.  Kervin seeks damages.

A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  In the absence of a factual basis for either element, a complaint does not state a claim under § 1983.  *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that complaint must allege violation committed by person acting "under color of state law").  "The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983."  *Goetz v. Windsor Cent. Sch. Dist.*, 593 F. Supp. 526, 528 (N.D.N.Y.1984), *quoted in Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).  This rule applies to a public defender

---

[1] The Complaint's caption appears to name two defendants; in text, however, Kirven states only that he brings his claims only "against the defendant Steve McIlwain."  *See* Complaint.

undertaking a defense. *Polk County*, 454 U.S. at 325; *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss Kirven's Complaint. *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("[D]ismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court . . ."), *abrogated on other grounds by Jones v. Bock*, --- U.S. ---, ---, 127 S. Ct. 910, 920-921 (2007).

**IT IS THEREFORE ORDERED** that the Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 [Doc. 16] is granted, and the initial partial payment is waived;

**IT IS FURTHER ORDERED** that the Plaintiff must make monthly payments of twenty per cent (20%) of the preceding month's income credited to the his account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide the Plaintiff with two copies of the post-filing financial certificate;

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint is dismissed with prejudice; all pending motions are denied as moot; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE